Wardia-w, Oh.
delivered the opinion of the Court.
This Court is satified with the reasoning and conclusion of the circuit decree, as to the character of the partition made in 1831. • ,
The remaining question in the case is, whether the will of Samuel Smith gives the residue of the estate to his surviving children, in exclusion of the children of his three sons who died after the death of the testator and before the death of the widow, when the estate was to he distributed. The negroes retained by the widow in 1831, with their increase, constitute the subject of dispute : and the decision turns on the construction of the following clauses of the will: — “ the remaining part of my property” (after the life estate in the wife, and some small legacies,) “ to be equally divided, at my wife’s decease, among all my children“ one reserve I wish my executors to enforce, ■ that is, if either of my lawful heirs should die, leaving issue behind them, before a distribution should take place, as I have before mentioned, for their issue or heirs not to come in for their parent’s share of my property.” The former clause, considered separately, plainly gives to all of the children living at the death of the testator, as tenants in common, a vested remainder, which, upon the subsequent death of any of the children would pass, not to the surviving children, but to the legal representatives of the children so dying. The latter clause, palpably manifests the intention of testator to exclude from all share the descendants of such of his children as should die before the period appointed for the distribution of his estate; — but it stops there. It contains no revocation of the shares previously given to the children dying before distribution, but rather recognizes their title by the use of the terms “ their parents’s shares.” It does not give such shares to the surviving children, nor to any other-person whatsoever. The language is simply that of negation . and exclusion, and not of disposition. The expression of the purpose not to give to one person, imports no purpose to give to another. It is true, that the construction must be upon the whole will, and not upon the clauses considered separately, but *255 the addition of a cipher makes no increase of the sum; and a clause, containing no gift, cannot transport a gift to another clause. According to this, the clauses, construed in connection, leave the objects of testator’s bounty precisely as they were described in the former clause, unless the naked declaration in the latter clause,, that those whom the law appoints to the succession shall not take, be effectual to exclude them. On that point the principle is well stated in the circuit decree: “ A man may dispose of his property as he pleases, but he has no right to say, that the law shall not operate, where, and so far as, he makes no disposition.” “ Being no legislator, his attempt to repeal the law would be a mere usurpation, and only innocent because ineffectual.” If a deed of settlement gave one a general power of appointment as tó the estate settled, and provided that, in the absence of appointment, the estate should go to persons therein named : the title of these persons would not be defeated, if the only thing in the shape of appointment, were the expression, by him having the power, of his dissatisfaction, however strong, that they should enjoy the estate. So the law authorizes a proprietor to regulate the disposition of his estate, after his death, by positive donations, but itself appoints to the succession, if he does not declare the objects of his bounty: and his disapproval, by itself, shall not defeat the operation of the law. Negative words do not amount to a gift.
In Goodtitle vs. Pugh, (3 Bro. P. C. 454,) the will contained words of exclusion in reference to the son and heir, and others which were construed by the Court of King’s Bench to be a disposition in favor of the persons who were next to the son in the line of descent, — yet the House of Lords determined that the son was not excluded.
In Sibley vs. Cook, (3 Atk. 573,) Lord Hardwicke says; “ If a man devises a real estate to J. S. and his heirs, and signifies or indicates his intention that if J. S. die before him it should not be a lapsed legacy,'yet unless he has nominated another legatee, the heir at law is not excluded, notwithstanding the testator’s declaration. So in the bequest of a personal *256 legacy to A. though the testator should show an intention that the legacy should not lapse in case A. die before him, yet this is not sufficient to exclude the next of kin.” See Elliot vs. Davenport, (1 P. Wms. 83).
In Gordon vs. Blackman, (1 Rich. Eq. 63,) the testator, in pursuance of his purpose to emancipate his slaves, had expressly excluded his next of kin, and the Court said: “ It is not in the power of a testator to oust his next of kin of their rights under the law of the land, but by giving another direction to his property by legal and valid provisions; as, for instance, by giving the property to some other person, or directing that it shall be employed for some lawful purpose inconsistent with the rights of his kinsman.” The same doctrine was asserted in Lanham vs. Meacham, (MS. Col. May, 1850). (a)
We are led to the conclusion, that the Chancellor was right in the opinion entertained at the hearing: which he aftewards abandoned with reluctance and hesitation.
It is ordered and decreed, that a writ of partition be issued, to divide the land described in the pleading's, and the negroes retained by the widow, Sarah Smith, at the partition in 1831, with their increase, among the parties; so that the five children of Charles Smith shall take among them one-eighth part; the six children of Benjamin Smith among them one-eighth part; the six children of William Smith among them one-eighth part ; and each of the five children of the testator one-eighth part: that the matters of account be referred to the Commissioner: that the costs be paid out of the estate to be divided according to the interest of the parties: and that the circuit decree be so modified, and in all other respects he affirmed.
Johnston and Dunkin, CO. concurred.
Daegan, Ch. absent at the hearing.

Decree modified.

 4 Strob. Eq. 203.